IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED
FEB 03 2021
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 21-45 |
| | ) | [UNDER SEAL] |
| JOSEPH H. CRAFT | ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Obstruction of Law Enforcement During Civil Disorder<br>On May 30, 2020 | 18 U.S.C. §§ 2 and 231(a)(3) |

### II. ELEMENTS OF THE OFFENSE

**A.   As to Count 1:**

In order for the crime of Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. §§ 2 and 231(a)(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

   1.   That a "civil disorder," as that term is defined by 18 U.S.C. § 232(1), existed at the time the defendant acted, or attempted to act.

    2.    That the civil disorder resulted in the obstruction or delay of "commerce," as that term is defined in 18 U.S.C. § 232(2), or adversely affected "commerce."

    3.    That the defendant committed an act, or attempted to commit an act for the intended purpose of obstructing, impeding or interfering, either by himself or with someone else, in a violent manner with a law enforcement officer or officers.

    4.    That the officer or officers were lawfully engaged in the performance of their official duties incident to and during the commission of the civil disorder.

    5.    That the defendant acted willfully.

See 18 U.S.C. §§ 231(a)(3), 232(1) and 232(2); see also, United States v. Casper, 541 F.2d 1275, 1276 (8th Cir. 1976).

### III. PENALTIES

**A.    As to Count 1: Obstruction of Law Enforcement During Civil Disorder (18 U.S.C. §§ 2 and 231(a)(3)):**

    1.    The maximum penalties for individuals are:

    (a)    imprisonment for not more than five (5) years;

    (b)    a fine not more than the greater of;

        (1)    $250,000;

        or

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)     Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to each count, together with any authorized penalty, as part of the defendants' sentences pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

Not applicable in this case.

> Respectfully submitted,
>
> SCOTT W. BRADY
> United States Attorney
>
>
> */s/ Shaun E. Sweeney*
> SHAUN E. SWEENEY
> Assistant U.S. Attorney
> PA ID No. 53568